IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHELLE SAMUELS,** *Plaintiff*, v. **APRIL M. RUSSELL-RUSS,** *et al.*, *Defendants*. | Civil No.: 1:23-cv-02824-JRR |

## MEMORANDUM OPINION AND ORDER

This removal action is before the court on Defendants April M. Russell-Ross's and Ronald E. Russell, II's Motion for Summary Judgment or Declaration on Federal Question and Remand (ECF No. 11; "Motion") and Renewed Motion for Summary Judgment or Declaration on Federal Question and Remand (ECF No. 14; "Renewed Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, this case will be REMANDED to the Circuit Court for Anne Arundel County, Maryland, and the Motion and Renewed Motion will be DENIED AS MOOT.

On October 18, 2023, Defendants removed an action, *In Re Estate of Kenneth E. Williams, #107518* (Case No. C-02-CV-23-001941) from the Circuit Court for Anne Arundel County, Maryland, to this court. (ECF Nos. 1, 7.) Pursuant to MD. CODE ANN., EST. & TRUSTS § 2-105, Defendants, as personal representatives of Kenneth Williams' estate, filed a petition to the Orphans' Court of Anne Arundel County, Maryland, to transmit to the Circuit Court the contested issue of fact regarding two "caveats," or challenges, Plaintiff filed against Mr. Williams' will. (ECF No. 9 at p. 17; ECF No. 11-1 ¶ 3.) The caveats concerned, in relevant part, the beneficiary designations of Mr. Williams' Thrift Savings Plan ("TSP"), a federal retirement plan for federal employees. (ECF No. 11-1 ¶ 3.) In removing the Circuit Court action, Defendants invoked this

court's jurisdiction under both federal question and diversity of citizenship subject matter jurisdictional bases. *Id.* ¶ 4. Defendants assert that the parties' dispute concerns a federal issue—the distribution of Mr. William's federal benefits under the TSP—which is "exclusively governed by federal, not state law." (ECF No. 11-1 ¶ 11) (citing *Hewitt v. Thrift Sav. Plan*, 644 F. Supp.2d 529, 540 (2009)). Plaintiff filed no pleading in this court; nor was a complaint filed in the Circuit Court. Defendants subsequently moved for summary judgment "or declaration on federal question and remand." (ECF No. 11.) Plaintiff did not respond. Defendants then filed the Renewed Motion, alerting the court that the caveats at issue had been dismissed by the Orphans' Court and that the central issues in this matter were "no longer in controversy." (ECF Nos. 14, 14-2, 14-3.) Plaintiff again did not respond.

I.  **Legal Standard and Analysis**

"Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)). "If at any

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).[1]

This case's unusual posture raises multiple issues that prevent this court from entering summary judgment as Defendants' request. First, the court is not persuaded that Defendants have sufficiently demonstrated its federal question jurisdiction. Pursuant to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether a case 'arises under' federal law for the purposes of establishing federal question jurisdiction," courts follow "the well-pleaded complaint rule" that "jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). Here, there has been no complaint from Plaintiff, properly pleaded or otherwise, that the court may review to assess its jurisdiction.

Even to the extent Defendants' removal was based on a request for declaratory judgment on an issue arising under federal law, they have not properly asserted such a claim. *See* ECF No. ECF No. 11-1 at p. 5; ECF No. 14. They have not instituted a claim for declaratory judgment by filing an action with an appropriate pleading.[2] *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an *appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration." (emphasis added)). The court is therefore not persuaded that

---

[1] Just as a court may determine it lacks subject matter jurisdiction *sua sponte*, so too may it remand a matter *sua sponte*. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

[2] Nor have Defendants sought declaratory judgment under federal law in defense to a claim asserted by Plaintiff because, again, there is no "claim." *See Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) ("In an action for declaratory judgment, however, the federal right litigated may belong to the declaratory judgment defendant rather than the declaratory judgment plaintiff. Under this 'coercive action doctrine,' although the declaratory judgment plaintiff does not assert a claim arising under federal law, federal question jurisdiction exists if the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." (citations omitted)).

Defendants have met their burden to demonstrate this court's jurisdiction pursuant to 28 U.S.C. § 1331.

Moreover, even if Defendants had demonstrated the court's jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1), removal nonetheless ran afoul of the forum defendant rule. *See Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017) (noting that the "forum defendant rule is a procedural hurdle and not a jurisdictional bar"). The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides that a case "otherwise removable solely on the basis of the [diversity of citizenship jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]  Here, Defendants, as personal representatives of Mr. Williams' estate, are deemed citizens "only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Mr. Williams was a citizen of Maryland at the time of his death. (ECF No. 7 ¶ 2.) Accordingly, under 28 U.S.C. § 1441(b)(2), Defendants, as citizens of Maryland, improperly removed the circuit court action from a Maryland state court to this court.

Regardless, even without the deficits noted above, the court concludes that it must remand this action because it lacks subject matter jurisdiction over this dispute (to the extent there was even a dispute properly asserted) due to mootness. "Federal courts have no power to hear moot cases." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 564 (4th Cir. 2024) (quoting *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006)). "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Simmons v. United*

---

[3] It is unclear if Defendants were "served" as to the Circuit Court proceeding, to the extent that was even warranted given that the petition to transmit the issues was filed by Defendants. Regardless, even if they had not been served, "this court has repeatedly remanded cases to state court upon a finding that the forum defendant rule precluded pre-service removal." *Demissew v. Pride Ctr. of Maryland, Inc.*, No. 1:23-CV-01742-JRR, 2024 WL 493266, at *3 (D. Md. Feb. 8, 2024) (citing cases).

*Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)).  "When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)).

Here, Defendants note, and the Orphans' Court records demonstrate,[4] that the caveat Plaintiff filed regarding the TSP beneficiary designation—the only apparent basis for the present action—was dismissed by stipulation and court order on June 11, 2024.  (ECF Nos. 14, 14-2, 14-3) ("[T]he central issues in this matter are no longer in controversy.").  Therefore, even if the removed action constituted a case over which this court had jurisdiction, and removal was proper, the court nonetheless lacks jurisdiction, as the sole contest at issue in this removal action has become moot.  Accordingly, it is this 21st day of August 2024, hereby

**ORDERED** that this action is **REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND**; and further it is

**ORDERED** that the Motion (ECF No. 11) and the Renewed Motion (ECF No. 14) shall be, and are hereby, **DENIED AS MOOT**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case and transmit a copy of this order to Plaintiff and all counsel of record.

/s/_____
Julie R. Rubin
United States District Judge

---

[4] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites.  *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).